USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/29/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN TSISMENTZOGLOU,

                Plaintiff,

v.

MILOS ESTIATORIO INC.,

                Defendant.

18-CV-9664 (RA)

OPINION AND ORDER

RONNIE ABRAMS, United States District Judge:

Plaintiff John Tsismentzoglou, proceeding *pro se*, brings this action against former employer Milos Estiatorio Inc. ("Milos, Inc."),[1] alleging that he was subjected to age discrimination and retaliation in violation of the Age Discrimination in Employment Act (the "ADEA"). Defendant now moves to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, Defendant's motion is granted without prejudice.

## BACKGROUND

### I.    Factual Background

The following facts are drawn from Plaintiff's complaint, and are assumed to be true for the purposes of resolving this motion to dismiss. *See Stadnick v. Vivint Solar, Inc.*, 861 F.3d 31, 35 (2d Cir. 2017).

Plaintiff is approximately forty-two years old. *See* Pet. at 4. Sometime in late 2016/early 2017, he was employed for six months at Defendant Milos, Inc., a restaurant in New York City.

---

[1] According to Defendant, Plaintiff incorrectly names "Milos, Inc." as "Milos Estiatorio Inc." *See* Def.'s Br. at 5. The Court uses Milos, Inc. throughout this Opinion, although the correct name is not relevant to resolving the instant motion.

*See id.* at 3, 5. According to Tsismentzoglou, after he turned forty, the restaurant's manager, Mario, began to "ridicule" him by saying that "this is a young man[']s game." *Id.* at 5. Plaintiff states that, at the time that Mario made these comments, Tsismentzoglou "was due to receive more shifts, especially the lucrative lunch shifts." *Id.* Nevertheless, Plaintiff alleges that he was never assigned to work during lunch, never given the opportunity to work any extra night shifts or "generate similar incomes to [his] co-workers," denied work breaks, and was subjected to "increasingly hostile and discriminatory actions" culminating in his dismissal. *See id.* at 5-6; Pl.s' Opp. at 2.[2] Plaintiff further asserts that Mario had a close relationship with the restaurant's manager of human resources, and that "all employees knew that if you went to HR with a complaint against Mario and his management then you [would] be retaliated against." *Id.*

## II. Procedural Background

On December 11, 2017, Plaintiff filed a verified complaint with the New York State Division of Human Rights (the "NYSDHR") stating that Defendant had discriminated based on his age in violation of N.Y. Exec. Law, art. 15 ("Unlawful discriminatory practices"). *See* Dkt. 15-1, Ex. B. The NYSDHR subsequently issued a Determination and Order After Investigation in which it determined that there was "NO PROBABLE CAUSE to believe that the respondent has engaged in or is engaged in the unlawful discriminatory practice complained of." *Id.* On July 20, 2018, Plaintiff received a Dismissal and Notice of Rights letter from the Equal

---

[2] Plaintiff only alleges that he was terminated for discriminatory reasons in his opposition, and not in his complaint. *See* Pl.'s Opp. at 2. "In general, matters outside the pleadings should not be considered in deciding a motion to dismiss the complaint for failure to state a claim. Because Plaintiff is proceeding *pro se*," however, "it is appropriate ... to consider factual allegations made in his opposition papers, so long as the allegations are consistent with the complaint." *Grant v. Hogue*, 17 CV 3609 (VB), 2018 WL 550612, at *6 (S.D.N.Y. Jan. 23, 2018) (internal quotation marks omitted).

2

Employment Opportunity Commission (the "EEOC"), stating that it had "adopted the findings of the statute or local fair employment practices agency that investigated this charge." Pet. at 8.

On October 19, 2018, Plaintiff filed the present complaint, alleging that Defendant had violated the ADEA by: (1) failing to promote him and treating him differently from similar employees and (2) retaliating against him. *See* Pet. at 5. By way of relief, Plaintiff asks this Court to award him an unspecified amount of "calculated damages." *Id.* at 6.

On February 4, 2019, Defendant filed this motion. *See* Dkt. 13. Plaintiff submitted a short letter in opposition on March 29, 2019, *see* Dkt. 21, and Defendant replied on April 12, 2019, *see* Dkt. 24.

## STANDARD OF REVIEW

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

On a Rule 12(b)(6) motion, the question is "not whether [the plaintiff] will ultimately prevail," but "whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 529-30 (2011) (internal quotation marks omitted). In answering this question, the Court must "accept[] all factual allegations as true, but giv[e] no effect to legal conclusions couched as factual allegations." *Stadnick*, 861 F.3d at

3

35 (quoting *Starr v. Sony BMG Music Entm't*, 592 F.3d 314, 321 (2d Cir. 2010)). This Court must construe a *pro se* plaintiff's pleadings liberally. *See Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). But even *pro se* litigants must still "state a claim to relief that is plausible on its face." *Mancuso v. Hynes*, 379 Fed. App'x 60, 61 (2d Cir. 2010) (internal quotation marks and citations omitted).

## DISCUSSION

Defendant, in its motion to dismiss, argues that: (1) Plaintiff's age discrimination claim fails because he has not sufficiently alleged that he was treated less favorably than similarly situated co-workers on account of his age, and (2) Plaintiff's retaliation does not succeed because he never engaged in any "form of protected activity." Def.'s Br. at 5, 8-12. In a brief opposition letter, Tsismentzoglou concedes that, when he filed his complaint, he was not aware of all the necessary pleading requirements to properly state a claim for age discrimination and retaliation. *See* Pl.'s Opp. at 1; *see id.* ("I was not aware of all these requirements when I wrote the complaint," but "did the best I could to summarize what I was complaining about."). Nevertheless, Plaintiff maintains that he has "adequately complained of [] age discrimination," and that he has suffered harm as a result of Defendant's misconduct. *Id.* In the alternative, Plaintiff requests that the Court grant him leave to file an amended complaint, or that the Court dismiss his complaint without prejudice. *See id.*[3]

---

[3] Defendant argues, in its reply brief, that, because Plaintiff's opposition letter "does not oppose the arguments raised in Milos' dismissal motion," he has abandoned his claims. *See* Def.'s Reply at 5-6. A *pro se* plaintiff, however, should not be presumed to have abandoned his claims because he did not address a defendant's specific arguments. *See Porter v. Uhler*, 17-CV-47 (MAD) (TWD), 2019 WL 1292226, at *5 (N.D.N.Y. March 21, 2019). Indeed, "[i]mplicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).

For the following reasons, the Court grants Defendant's motion to dismiss, but does so without prejudice.

## I. Plaintiff's ADEA Claim[4]

The Age Discrimination in Employment Act (ADEA) makes it illegal for employers to discriminate against employees over the age of forty. *See* 29 U.S.C. §§ 621-34. To establish a *prima facie* case of age discrimination under the ADEA, a plaintiff must show that: (1) he "was within the protected age group"; (2) he "was qualified for the position"; (3) he "experienced [an] adverse employment action"; and (4) "such action occurred under circumstances giving rise to an inference of discrimination." *Gorzinski v. JetBlue Airways Corp.*, 596 F.3d 93, 107 (2d Cir. 2010). A plaintiff in an ADEA case must also "allege that [his] age was the 'but-for' cause of the adverse action." *Marcus v. Leviton Mfg. Co., Inc.*, 661 Fed. App'x 29, 32 (2d Cir. 2016) (citing *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015)).

At the pleading stage, "[t]he facts required by *Iqbal* to be alleged in the complaint need not give plausible support to the ultimate question of whether the adverse employment action was attributable to discrimination." *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015). Rather, "the facts alleged in the complaint must simply provide 'minimal support for the proposition that the employer was motivated by discriminatory intent.'" *Hausdorf v. NYC Dep't of Educ.*, 17-CV-2115 (PAE)(SN), 2018 WL 1871945, at *5 (S.D.N.Y. Jan. 25, 2018) (quoting

---

[4] In its brief, Defendant states that to the extent Plaintiff received his Dismissal and Notice of Rights letter on July 20, 2018 (the date that this decision was mailed to him), the complaint should be dismissed as untimely because he did not bring this suit until 91 days thereafter. *See* Def.'s Br. at 6 n.2; *see, e.g., Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 525 (2d Cir. 1996) ("[A] claim under Title VII or the ADEA must be filed within 90 days of the claimant's receipt of a right-to-sue letter."). It seems unlikely, however, that Plaintiff would have received this notice on the exact same day that it was mailed to him, nor does Defendant provide any reason to believe otherwise. *See Sherlock*, 84 F.3d at 525 ("Normally it is assumed that a mailed document [such as a Dismissal and Notice of Rights letter] is received three days after its mailing.").

5

*Littlejohn*, 795 F.3d at 311), *adopted by* 2018 WL 895657 (Feb. 14, 2018). Similarly, a plaintiff must only plead "sufficient facts to plausibly support a minimal inference of 'but-for' causality between his age" and the adverse employment action. *Marcus*, 661 Fed. App'x at 32.

Here, Plaintiff has adequately alleged that he is within the protected age group (encompassing persons over forty years old) and that he potentially experienced certain adverse employment actions, such as being denied desirable work shifts, being denied a promotion, and being terminated. *See Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229, 240 (2d Cir. 2007) (holding that a plaintiff had sufficiently alleged an adverse employment action where her employer provided her with undesirable "work station and work shift assignments"); *Dillon v. Morano*, 497 F.3d 247, 251 (2d Cir. 2007) (making clear that the failure to promote an employee may constitute an adverse employment action).[5] Furthermore, Defendant has not challenged that Plaintiff was qualified for his position, and the Court will therefore assume this to be true for purposes of this motion. *See Mace v. Marcus Whitman Cent. School Dist.*, No. 11-CV-6574-FPG, 2015 WL 5682665, at *7 (W.D.N.Y. Sept. 25, 2015) ("Defendants do not challenge Plaintiff's *prima facie* case on the basis of her qualification, and she has therefore established that prong.").

Plaintiff has not shown circumstances giving rise to even a minimal inference of discrimination, however. Tsismentzoglou does not provide any facts in support of his assertion that he was not given the shifts he desired, was not promoted, or was terminated *because* of his

---

[5] Because Plaintiff has not provided any information on the frequency or nature of the "breaks" that he was supposedly denied during his work shifts, however, he has failed to sufficiently allege that these denials constituted an adverse employment action. *See Fox v. Costco Wholesale Corp.*, 918 F.3d 65, 72 (2d Cir. 2019) ("Being unable to take a break twice is not the type of demotion, pay cut, or significantly diminished responsibility that are the tell-tale signs of material adverse employment actions.").

age. *See Lawtone–Bowles v. City of N.Y., Dep't of Sanitation*, 22 F. Supp. 3d 341, 350 (S.D.N.Y. 2014) ("To plead a claim of age discrimination under the ADEA, the plaintiff must allege sufficient facts to support a plausible inference that []he suffered an adverse employment action because of [his] age."); *Sanders-Peay v. N.Y.C. Dep't of Educ.*, No. 14-4534 (CBA)(MDG), 2014 WL 6473507, at *3 (E.D.N.Y. Nov. 18, 2014) ("Naked assertions of [age] discrimination ... without any specific factual allegation of a causal link between the defendants' conduct and the plaintiff's protected characteristic are too conclusory to withstand a motion to dismiss.") (internal quotation marks omitted).

Rather, Plaintiff simply states that: (1) Mario told him at one point that "this is a young man[']s game," and (2) he was not given additional shifts and "the same opportunity to generate income[] [as] [his] co-workers." Pet. at 5. But Plaintiff provides no additional detail or context with respect to Mario's alleged comment. In any event, a stray remark, by-itself, cannot satisfy a claim for employment discrimination. *See Danzer v. Norden Sys., Inc.*, 151 F.3d 50, 56 (2d Cir. 1998); *McNamara v. Associated Press*, 40 F. Supp. 3d 345, 355 (2d Cir. 2014) ("[A]lthough a stray remark may lend support to [a] plaintiff's age discrimination claim when considered with other evidence, 'by itself such remarks are usually not sufficient proof to show age discrimination.'") (quoting *Carlton v. Mystic Transp., Inc.*, 202 F.3d 129, 136 (2d Cir. 2000)).

Nor does Plaintiff adequately allege that his co-workers who supposedly faced no adverse employment actions were similarly situated to himself. *See, e.g., Smith v. City of N.Y.*, 16-CV-9244 (JGK), 2018 WL 3392872, at *4 (S.D.N.Y. July 12, 2018) ("To establish an inference of discrimination based on similarly situated employees, a plaintiff must allege that [he] was similarly situated in all material respects to the individuals with whom [he] seeks to compare

[himself]," such as whether they were subject to "the same workplace standards"). Indeed, Plaintiff does not provide any characteristics of his co-workers, including whether these persons were even under the age of forty or if Defendant knew their ages. *See, e.g., Ndremizara v. Swiss Re America Holding Corp.*, 93 F. Supp. 3d 301, 316 (S.D.N.Y. 2015) (dismissing a plaintiff's ADEA claim where he "provide[d] no details about these [other] supposed employees, including," among other things, "what their experience, age, or qualifications were, or whether Defendant knew their ages"); *Wang v. Palmisano*, 157 F. Supp. 3d 306, 340 (S.D.N.Y. 2016) ("Plaintiff provides no details about these putative hires, such as their hire dates, ages, qualifications, work experience, or whether Defendants knew their age. These general and unsubstantiated assertions thus require dismissal."); *see also Tweedy v. City of New York*, 18-CV-1470 (ALC), 2019 WL 1437866, at *5 (S.D.N.Y. March 29, 2019) ("Because Plaintiff failed to allege the [other co-workers'] ages, the Court finds Plaintiff's FAC insufficient to state a claim under the ADEA.").

Because Plaintiff has not provided sufficient facts to establish that he faced adverse employment actions because of his age and thus shown a minimal "inference of discrimination," the Court grants Defendant's motion to dismiss Plaintiff's ADEA claim.

## II. Plaintiff's Retaliation Claim

For a retaliation claim to survive under the ADEA, the plaintiff must plausibly allege that: "(1) defendants discriminated—or took an adverse employment action—against him, (2) 'because' he has opposed any unlawful employment practice." *Vega*, 801 F.3d at 90 (quoting 42 U.S.C. § 2000e–3(a)). "A prima facie case of retaliation under the ADEA has four elements: (1) the employee engaged in [a] protected activity, (2) the employer was aware of this activity, (3) the employer took [an] adverse action against the employee, and (4) a causal connection exists

between the protected activity and the adverse action." *Cerni v. J.P. Morgan Secs. LLC*, 208 F. Supp. 3d 533, 538 (S.D.N.Y. 2016) (citing *Kessler v. Westchester Cty. Dep't of Social Servs.*, 461 F.3d 199, 205 (2d Cir. 2006)); *see* 29 U.S.C. § 623(d) (making it unlawful under the ADEA to discriminate against any individual who "has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter").

Plaintiff has not sufficiently alleged a retaliation claim under the ADEA. First, Plaintiff does not appear to assert in his complaint what protected activity, if any, he engaged in prior to leaving Milos, Inc. *See, e.g., Martin v. City Univ. of N.Y.*, 17 Civ. 6791 (KPF), 2018 WL 6510805, at *11 (S.D.N.Y. Dec. 11, 2018) ("Plaintiff has not met his burden of adequately alleging that he filed an EEO charge, initiated a lawsuit, communicated with a manager about discrimination, or engaged in any other sort of protected activity [during his employment]. Accordingly, Plaintiff falls at the first hurdle of the analysis."). Indeed, Plaintiff appears to acknowledge in his pleadings that he did not contact HR about the alleged discrimination, *see* Pet. at 5, and it is not clear that his complaint with the NYSDHR or his EEOC charge were even filed prior to the end of his employment. Nor has Plaintiff alleged any other protected activity.

Moreover, Tsismentzoglou has not alleged that his manager, Mario, or any other individual at Milos, Inc., was made aware that Plaintiff believed that he was being discriminated against based on his age. *Aspilaire v. Wyeth Pharms., Inc.*, 612 F. Supp. 2d 289, 309 (S.D.N.Y. 2009) ("While plaintiff may have believed that she was the victim of discrimination, an undisclosed belief of such treatment will not convert an ordinary employment complaint into a protected activity."); *see also Watkins v. First Student, Inc.*, 17-CV-1519 (CS), 2018 WL 1135480, at *15 (S.D.N.Y. Feb. 28, 2018) (dismissing the plaintiff's complaint where he "fail[ed] to allege that Defendant knew of her EEOC complaint, and if so, when."); *Belizaire v.*

9

*RAV Invest. and Sec. Servs. Ltd.*, 61 F. Supp. 3d 336, 351-52 (S.D.N.Y. 2014) ("To constitute protected activity, the plaintiff's conduct must have put the employer on notice that the plaintiff believed that discrimination was occurring.") (internal quotation marks omitted). Finally, even assuming that Plaintiff engaged in a protected activity which Defendant was made aware of (such as informing HR of mistreatment based on his age or filing a complaint or charge of age discrimination during his employment), Tsismentzoglou has failed to allege any "causal connection exists between [such] protected activity and the adverse [employment] action" identified in his pleadings. In sum, Plaintiff nowhere alleges that he was retaliated against *because* he complained of age discrimination. *Cerni*, 208 F. Supp. 3d at 538.

Accordingly, Plaintiff's retaliation claim fails as well.

### III. Leave to Amend

Generally, "where dismissal is based on a *pro se* plaintiff's failure to comply with pleading conventions, a district court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Henriquez-Ford v. Council of Sch. Supervisors and Adm'rs*, No. 14-CV-2496 (JPO), 2016 WL 93863, at *2 (S.D.N.Y. Jan. 7, 2016) (internal quotation marks omitted). At this stage, the Court is unable to say whether Plaintiff may be able to provide additional facts that would "nudge[] [his] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Thus, and in light of Plaintiff's *pro se* status, it will grant him leave to amend the deficiencies noted in this opinion, so long as he does so in good faith.

### CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is granted without prejudice. Plaintiff shall file his first amended complaint no later than thirty days from the issuance of this

Opinion and Order. If Plaintiff does not do so by that date, his complaint will be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41.

The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. 13.

SO ORDERED.

Dated: May 29, 2019
        New York, New York

Ronnie Abrams
United States District Judge